IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,461






EX PARTE FRANK G. SAENZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 2000CR5021 IN THE 227TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of three
counts of the felony offense of aggravated sexual assault of a child, and punishment was
assessed at fifteen years' imprisonment on each count, to be served concurrently. Applicant
appealed, and his conviction was affirmed. Saenz v. State, No. 04-01-00283-CR (Tex. App.
-- San Antonio, delivered January 29, 2003, pet. ref'd).

 Applicant contends, inter alia, that he received ineffective assistance of counsel at
trial, because counsel failed to research the statute of limitations on aggravated sexual assault
of a child prior to trial, which resulted in his failure to notice, until after the presentation of
evidence at the guilt phase, that three counts of the six-count indictment were barred by the
statute of limitations. Counsel did not notice the defect until the charge conference. 
Although counsel requested a mistrial, which was denied, he failed to request a limiting
instruction or an instruction in the jury charge on the burden of proof. 

 At a hearing on this writ, counsel testified that his failure to request those instructions
was not the result of any trial strategy. Counsel also testified that the admission of the
extraneous-offense evidence without such instructions "affected the very framework of the
trial" and resulted, in his opinion, in the denial of a fair trial. The trial court, apparently
agreeing, recommends that this Court give "serious consideration" to Applicant's claim for
relief on the basis of ineffective assistance of trial counsel. While the Court is not bound by
the trial court's findings, the Court should follow them where they are supported by the
record. Ex parte Brandley, 781 S.W.2d 886 (Tex. Crim. App. 1989); Ex parte Adams, 768
S.W.2d 281 (Tex. Crim. App. 1989).

 Habeas corpus relief is granted, and Applicant's conviction and sentence in cause
number 2000CR5021 from the 227th Judicial District Court of Bexar County is set aside. 
Applicant is ordered remanded to the custody of the Sheriff of Bexar County to answer the
indictment in cause number 2000CR5021. 

DELIVERED: JUNE 21, 2006

DO NOT PUBLISH